Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5525 | **DATE** | 5/14/2003 |
| **CASE TITLE** | Lawrence Stepney vs. Naperville School District 203 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: SLB

number of notices

date docketed: MAY 15 2003

docketing deputy initials

date mailed notice: MAY 15 2003

Document Number: 26

Date/time received in Central Clerk's Office — mailing deputy initials

FILED FOR DOCKETING
03 MAY 14 PM 5: 31
CLERK U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE STEPNEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 5525 |
| | ) | |
| vs. | ) | Judge Lindberg |
| | ) | |
| NAPERVILLE SCHOOL DISTRICT 203, | ) | |
| | ) | DOCKETED |
| Defendant. | ) | MAY 1 5 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lawrence Stepney, brings this action pursuant to 42 U.S.C. § 2000(e) et. seq., and 42 U.S.C. § 12101 et. seq., Americans with Disabilities Act claiming defendant, Naperville School District 203, discriminated against him on the basis of his race and on the basis of his disability. Defendant has moved for summary judgment. For the reasons stated below, defendant's motion for summary judgment is granted.

Because plaintiff did not file a statement of material facts as required by this court's rules, defendant's statement of facts is deemed admitted. U.S. Dist. Ct., N.D. Ill. L.R. 56.1(b). In 1989, plaintiff began working for defendant as a full-time bus driver. He became a member of the Naperville Unit Maintenance Association union. In February 1997, plaintiff suffered a work-related injury. Plaintiff reported to defendant at the start of the 1998-1999 school year that he was still unable to drive a bus due to the injury. Plaintiff was granted an unpaid leave of absence from October 1998 to January 1999. Plaintiff was granted an extension of his leave until August 1999, so plaintiff could seek other employment with defendant.

26

Plaintiff accepted a position as a behavioral disorder ("BD") assistant with the defendant. When plaintiff began as a full-time BD assistant he transferred into the Naperville Educational Support Personnel Association ("NESPA") union. Plaintiff received credit for his prior service as a bus driver for the purposes of the NESPA seniority list which sets priority for Reduction in Force/Layoffs and Recalls as provided for in the collective bargaining agreement ("CBA") between NESPA and defendant. The NESPA CBA did not provide that transferees from within the District would get credit on the salary schedule for prior time served in the District. The base pay, which all new teacher's assistants start at, was $9.07/hour in 1999. Plaintiff acknowledged receiving written notice on or about August 25, 1999, that he was being paid the base salary of $9.07 per hour working as a full-time BD assistant.

In July 1999, plaintiff asked for a 2.5 hour bus driver position he could work in addition to a reduced 5 hour BD assistant position. Plaintiff did not possess a valid resident school bus driver permit at that time; plaintiff's resident school bus driver permit expired on November 13, 1997. Plaintiff was told that before defendant would consider giving plaintiff a 2.5 hour bus driver position, he would have to obtain a valid resident school bus driver permit. In September 1999, plaintiff attempted to have his seniority with the District applied to the BD assistant pay scale. In early 2000, plaintiff stated that he discovered that he had been transferred from one union to another. In January 2000, plaintiff obtained a permit and began working a 5 hour full-time BD assistant position and a 2.5 hour part-time bus driver position for defendant. On or about May 10, 2000,

02 C 5525

NESPA informed plaintiff that pay rates for employees of the bargaining unit are set by the CBA and there is no provision therein to pay a starting teacher's assistant (which would include a BD assistant), more than the base rate. On January 10, 2002, plaintiff filed a charge with the Illinois Department of Human Rights ("IDHR") and the United States Equal Employment Opportunity Commission ("EEOC") alleging that on June 1, 2001, when he attempted to exercise his seniority so that he could be assigned to a particular bus route, he was told that he had lost all the seniority he had accrued from 1989 to 1999.

Defendant asserts that plaintiff's failure to file his charge of discrimination with the IDHR and EEOC within the 300 day filing time is fatal to plaintiff's case. The court agrees. In Illinois, an individual must file an EEOC charge within 300 days of the alleged discrimination. Speer v. Rand McNally & Co., 123 F.3d 658, 662 (7th Cir. 1997). It is well-established that the 300 day limitations period begins to run when defendant has taken the action that injuries plaintiff and when plaintiff knows he has been injured, "not when he determines the injury was unlawful". See Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1991), and Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 (7th Cir. 1995). Plaintiff has identified the "alleged unlawful employment practice" as defendant's failure to adequately address plaintiff's seniority/salary concerns and failure to provide him with a comparable position.

Plaintiff argues that his claim was timely because he first attempted to resolve these matters internally and informally. When he determined that matter was not going to

3

02 C 5525

be resolved, he filed with the EEOC. As a general matter, an employee's pursuit of an internal procedure does not affect the date on which his claim accrued. Speer, 123 F.3d at 664, citing Siogner v. American Bd. of Plastic Surgery, 92 F.3d 547, 553 (7th Cir. 1996). The closest legal doctrine to this line of reasoning is equitable estoppel. Equitable estoppel, also known as fraudulent concealment, may toll the statute of limitations only if, despite all due diligence, plaintiff is unable to obtain enough information to conclude that he may have a discrimination claim. Thelen, 64 F.3d at 268. The creation of a misleading impression (i.e. that the situation has been or is in reasonable course of being resolved) that causes plaintiff to delay suing. Frazier v. Delco Electronic Corp., 263 F.3d 663, 667 (7th Cir. 2001). However, when an employer provides an avenue (or avenues) for review of adverse employment actions, without more, the doctrine of equitable estoppel is not applicable. Sharp v. United Airlines, Inc., 236 F.3d 368, 372-3 (7th Cir. 2001).

The problem with applying equitable estoppel to this case is that plaintiff does not point to one fact that is "misleading" or fraudulent. While it is true that defendant worked with plaintiff to adjust his BD assistant salary to reflect his time with the district, plaintiff was informed of the outcome of those efforts. He received a letter from the NESPA informing him that his salary would not be increased. In his deposition, plaintiff stated that it was as early as May 2000 when he felt that he was discriminated against because of his race, and to a lesser extent, his disability.

Plaintiff also argues that his claim was timely under a "continuing violation" theory. The closest type of continuing violation to plaintiff's situation is when an

4

02 C 5525

employee challenges a series of events, all of which are alleged to have been discriminatory, but only one of which occurred within the relevant time period. See Elliott v. Sperry Rand Corp., 7 F.R.D. 580, 585 (D. Minn. 1978). So long as the most recent denial occurred within the appropriate time period, no "continuing violation" question really arises, for the recent event fully supports jurisdiction. Id. Therefore, any illegal act that take place in the limitations period is actionable. See Dasgupta v. University of Wisconsin Board of Regents, 121 F.3d 1138, 1140 (7th Cir. 1997). There is a distinction between an illegal act and the effects of an illegal act. A lingering effect of an unlawful act is not itself an unlawful act, however, so it does not revive an already time-barred claim. Id. This means that there were no new violations during the limitations period, but merely a refusal to rectify the consequences of time-barred violations. Id. The difference in base-level of plaintiff's salary may have been due to discrimination, but if it was discrimination that occurred before the limitations period, as in this case, it is not actionable. Id. Plaintiff was aware of his pay rate as of August 1999. He was aware on or about May 10, 2000 that his pay rate was not going to increase to reflect his prior service with the district. There were not any new violations during the year 2001, or early 2002. He filed his charge of discrimination on January 10, 2002. The court does not find that either of plaintiff's two theories apply to permit his filing a claim over 600 days after the date of discrimination.

In conclusion, plaintiff's claim is untimely, and thus not actionable. Accordingly, it will not be necessary to consider any of the substantive issues raised in this case.

5

02 C 5525

ORDERED: Defendant's motion for summary judgment [12] is granted. Judgment in favor of defendant, Naperville School District 203, and against plaintiff, Lawrence Stepney, shall be set forth on a separate document and entered in the civil docket. Fed. R. Civ. Proc. 58, 79(a).

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: **MAY 1 3 2003**